IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THE COLLECTION ANALYST, INC., and JUDITH D. RETELSDORF,<br><br>Defendants. | 8:17CV229<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on the Unopposed Motion for Preliminary Approval of Settlement and Notice to Class. (Filing No. 25.) The undersigned will recommend that the motion be granted.

## BACKGROUND

The Amended Complaint in this case generally alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*., and the Nebraska Consumer Practices Act ("NCPA"), Neb. Rev. Stat. §59-1601, *et seq*. (Filing No. 8.) The parties have reached a settlement ("Settlement Agreement"). (Filing No. 27-1.) Pursuant to the Settlement Agreement, the settlement classes consist of:

> (i) all persons with addresses in Nebraska (ii) to whom Defendants sent or served, or caused to be sent or served, a county court collection complaint in the form of Exhibit A (iii) in an attempt to collect alleged unpaid medical or dental accounts. The FDCPA class extends from July 23, 2016 through July 23, 2017 (the date of filing the Amended Complaint). The NCPA class extends from July 23, 2013 through July 23, 2017 (the date of filing the Amended Complaint).

(*Id*.) The parties propose that the Court appoint Plaintiff as class representative, and attorneys O. Randolph Bragg, Pamela Car and William Reinbrecht as class counsel.

The Settlement Agreement establishes a total settlement benefit amount valued at $30,000.00, with $26,000.00 to be paid to the NCPA class and $4,000.00 to be paid to the FDCPA class.  The Settlement Agreement provides a mechanism for class members to exclude themselves from the settlement, as well as an opportunity for class members to object to the proposed agreement by filing a written objection.  Under the Settlement Agreement, Plaintiff will request statutory damages and a class representative fee, together totaling $4,000.00.  The Settlement Agreement also states that Defendants will pay Plaintiff's counsel's costs, litigation expenses and reasonable attorneys' fees in an amount to be approved by the Court not to exceed $28,500.00.  The Settlement Agreement provides that this amount is in addition to the amounts to be paid to class members.

At this time, Plaintiff seeks an order (1) certifying the class for purposes of settlement; (2) preliminarily approving the terms of settlement; (3) approving the proposed form and method for providing notice to the proposed class; and (4) scheduling a final settlement hearing. Defendants do not oppose the motion.

## DISCUSSION

Plaintiff seeks class-certification for purposes of settlement.  Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").  Fed. R. Civ. P. 23.

In assessing whether the numerosity component is satisfied, a number of factors are relevant, including the number of persons in the proposed class, the nature of the action, the size of the individual claims, and the inconvenience of trying individual suits.  *Paxton v. Union National Bank*, 688 F.2d 552, 559 (8th Cir. 1982).  "The commonality requirement is satisfied if the claims of the class depend upon a common contention whose truth or falsity will resolve an

issue that is central to the validity of each class member's claims." *Henggeler v. Brumbaugh & Quandahl, P.C., LLO*, No. 8:11CV334, 2018 WL 5881422, *2 (D. Neb. Oct. 25, 2013) (internal quotation omitted). The typicality requirement is met if there are "other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quotation omitted). The adequacy of representation element concerns "whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit." *Henggeler*, 2013 WL 5881422 at *3.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Federal Rule of Civil Procedure 23(b). Rule 23(b)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23.

The undersigned preliminarily finds, for purposes of settlement, that the requirements of Rule 23 have been met and that the proposed classes should be certified. The proposed classes consist of approximately 437 individuals. Given this number, it would be impracticable to try each case separately. Also, the primary legal and factual issues surrounding Defendants' alleged course of conduct is common for all class members. Class members would have similar grievances as the named Plaintiff and class members' claims would likely be based on the same legal theories. Finally, the adequacy of representation requirement has been met because there is no conflict of interest between Plaintiff and the class members. Plaintiff's common interests with the members of the class ensure that the class will be fairly and adequately protected and counsel has considerable experience in class-action litigation.

The Rule 23(b)(3) requirements are likewise satisfied. Common questions predominate over any questions affecting only individual members. Also, certifying the class for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing

about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quotation omitted). A class action is superior to other methods of fairly adjudicating the controversy.

Further, the undersigned finds that the proposed form and manner of notice (Filing No. 27-3) should be approved as it satisfies Rule 23, and provides the best notice that is practicable under the circumstances. Fed. R. Civ. P. 23. The proposed notice provides for mailed notices to class members. The proposed notice is clearly designed to advise class members of their rights and provide them an opportunity to present objections.

Plaintiff also seeks an order preliminarily approving the terms of the parties' Settlement Agreement. "In considering preliminary approval of a proposed settlement in a class action case, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice." *Smith v. Gurstel Chargo, PA*, No. 8:14CV183, 2014 WL 6453772, *3 (D. Neb. Nov. 17, 2014). The undersigned has reviewed the Settlement Agreement and preliminarily finds that the terms of the Agreement are within the range of possible approval. It appears that the Settlement Agreement's terms are fundamentally fair, reasonable, adequate and in the best interest of the class members. In light of the complexity of this litigation, as well as the expense and likely duration of further litigation, the settlement provides significant benefits to class members. Plaintiff has shown that the settlement was the result of arms-length negotiations and that counsel for all parties have considerable experience in class-action litigation.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Joseph F. Bataillon that:

1. The Unopposed Motion for Preliminary Approval of Settlement and Notice to Class (Filing No. 25) be granted;

2. The Proposed Order for Preliminary Approval of Class Action Settlement ([Filing No. 27-2](#)) be approved;

3. Plaintiff be appointed as class representative, and O. Randolph Bragg, Pamela Car and William Reinbrecht be appointed as class counsel; and

4. The Court schedule a final hearing to determine whether the proposed settlement is fair, reasonable and adequate.

Dated this 28th day of June, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.