IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>THE COLLECTION ANALYST, INC., and JUDITH D. RETELSDORF,<br><br>Defendants. | 8:17CV229<br><br>**ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came on before the undersigned United States District Court Judge, upon motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action in a Settlement Agreement dated March 15, 2018, ("Agreement"). All capitalized terms in this Order shall have the meanings given them in the Agreement.

Plaintiffs are represented by counsel Pamela A. Car and William L. Reinbrecht and O. Randolph Bragg (hereinafter "Plaintiffs' Counsel"). Defendant, The Collection Analyst, Inc. is represented by counsel John Ochoa and Defendant, Judith D. Retelsdorf is represented by Patrick Heng.

The court having reviewed the brief of counsel, having reviewed the Agreement, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised:

IT IS HEREBY ORDERED, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The agreements, terms, and conditions of the parties' Proposed Settlement,

as embodied in the Agreement and the Exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies two classes, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

(i) all persons with addresses in Nebraska;

(ii) to whom Defendants sent or served, or caused to be sent or served, a county court collection complaint in the form of Exhibit A;

(iii) in an attempt to collect alleged unpaid medical or dental accounts.

The FDCPA class extends from July 23, 2016 through July 23, 2017.

The NCPA class extends from July 23, 2013 through July 23, 2017.

3. The foregoing are the "Settlement Classes," and their members are "Class Members." In support of this Order, and for settlement purposes only, the Court finds as follows:

    A.    That there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

    B.    There are questions of law and fact common to all Class Members. Such includes, but is not necessarily limited to: Whether Complaints in the form of Exhibits A to Plaintiff's Complaint (Filing No. 1-1) violated the Fair Debt Collection Practices Act and/or Nebraska Consumer Protection Act.

    C.    Plaintiff's claims are typical of the claims of the members of the Settlement Classes.

    D.    Plaintiff is a member of the Settlement Classes and alleges that the same conduct applies to her as well as the other members of the Settlement Classes.

Plaintiff's claims are not in conflict with, or antagonistic to, the claims of the Settlement Classes as a whole. The claims of Plaintiff and other members of the Settlement Classes are based upon corresponding theories.

      E.      Plaintiff, as Class Representative, and Plaintiff's Counsel can fairly and adequately represent the interest of the Settlement Classes.

      F.      Questions of law and fact common to all members of the Settlement Classes predominate over any questions affecting only individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

4. If for any reason the Agreement ultimately does not become effective; (a) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the court of this Settlement Agreement's termination or disapproval; (b) this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and, (c) the Parties will have all procedural and substantive rights as of the date of execution of this Settlement Agreement; provided, however, that, in the event that the parties, within ten business days after any such action of any court, jointly elect to appeal from or otherwise seek review or reconsideration of such court action, this Agreement shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn,

or overturned.

5. Having reviewed the proposed summary Notice of Proposed Class Action Settlement attached as Exhibit 1B to the Agreement, (Filing No. 27-3) the Court hereby approves such Notice and directs that Defendants cause the Notice, through a claims administrator, to be delivered to Class Members by Mail, based on address information gathered from records of Defendants, and subsequent search of each name and address in the National Change of Address database.

6. The court finds and determines that the proposed notice by Mail given to Class Members in accordance with paragraph 5 herein, which provides all case information, constitutes the best notice practicable under the circumstances taking into account the nature of the claims and facts presented and size of the class; that it constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice; and that it fully satisfies the requirements of due process and of Fed.R.Civ.P. 23. The court approves Class – Settlement.com www.class-settlement.com of 20 Max Avenue, Hicksville, NY (11801) ("Class Settlement Administrator") as class administrator herein.

7. Any Class Member who desires to request exclusion from the Settlement Class, must submit a written Statement of Exclusion in the manner required by the NOTICE OF SETTLEMENT and mailed NO LATER THAN 90 days after the date of this Order by submitting a Request for Exclusion to the Class Settlement Administrator at the following address:

Powers v. TCA Settlement
c/o Class – Settlement.com
20 Max Avenue

4

Hicksville, NY 11801

8. The Final Fairness Hearing will be held before the Honorable Judge Joseph Bataillon in Courtroom 3, United States District Court, 111 South 18th Plaza, Omaha, Nebraska on December 20, 2018 at 1:30 P. M.
("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Plaintiff and the Class Members with prejudice and on the merits, as required by the Agreement; and (c) whether to approve the *cy pres* award requested by the parties. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

9. Within 10 days of the entry of this Order, Defendants shall cause a declaration to be filed with the court certifying that NOTICE REQUIRED BY THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. 1715(d) ("CAFA") has been sent by United States mail to the appropriate governmental entities, as directed in this Order.

10. Within 30 days of the entry of this Order, Defendants shall cause a declaration to be filed with the court certifying that NOTICE has been mailed by United States mail to the Settlement Class, as directed in this Order.

11. No later than 90 days after the date of this Order, any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and

5

manner required by the Notice of Settlement. Such written objections must be filed with the Court no later than 90 days of this Order; must contain the objector's full name, telephone number, and current address; must declare that the objector is a member of the Class; and must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore. Copies of all materials also must be filed with the Clerk of Court on or before 90 days from the date of this Order in the Notice of Settlement, at the following address:

Clerk of Court
Roman L. Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, NE 68102

12. Pursuant to NECivR 23.1 (b), the Notice of Settlement sent to class members will state "that all documents sent to the court by any class member, including any letter or document expressing the member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review."

13. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Plaintiff's Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Settlement. Any objections shall be deemed filed on the date that they are filed with:

Clerk of Court
Roman L. Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, Nebraska 68102

The Notice will also contain the mandatory language under Nebraska's local rule, NECivR 23.1(b), which requires that all notices to class members specifically state "that all documents sent to the court by any class member, including any letter or document expressing the member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review."

Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

14. No later than 90 days from the date of this Order pursuant to Rule 23(c)(2)(B)(iv) any Class Member may enter an appearance through an attorney if the member so desires. The entry of appearance must be filed with the Clerk of Court at the following address:

Clerk of Court
Roman L. Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, NE 68102

15. From the date of entry of this Order until the court holds the Final Settlement Hearing and determines the matters set forth in paragraph 8 of this Order, all Class Members (except those who have served a Statement of Exclusion) shall be barred

from asserting against the Released Parties any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 7 of the Agreement, (Filing No. 27-1 at ECF p. 14) if the court approves the Proposed Settlement.

Upon the entry of final judgment after the Final Settlement Hearing, plaintiff and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against Released Parties any claims that are being released in accordance with paragraph 7 of the Agreement, and Plaintiff and all Class Members shall be conclusively deemed to have released any and all such claims, except that nothing in the Agreement shall affect the right of any class member to defend a county court collection action filed against them by Defendants.

16. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Agreement, which will occur after the date upon which the judgment in this action becomes not subject to further appeal or review, only Class Members who have not requested exclusion shall be entitled to a Settlement Payment as described in paragraph 4 of the Agreement. (Filing No. 27-1 at ECF p. 11)

17. The parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants deny any allegation of wrongful act or omission alleged by Plaintiff in this Action and any liability of any sort to Plaintiff or any member of the Settlement Class.

18. No later than thirty (30) calendar days after entry of this Order, class counsel will apply to the court for an award of attorneys' fees and costs pursuant to Rule 23(h).

19. The parties are ordered to take all reasonable steps necessary to complete

this settlement.

20. This Order shall not be construed as an admission by any party.

Dated this 19th day of July, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge