IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THE COLLECTION ANALYST, INC., and JUDITH D. RETELSDORF,<br><br>Defendants. | 8:17CV229<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on the plaintiff's unopposed motion for approval of plaintiff's incentive award & damages and plaintiff's attorneys' fees and costs, Filing No. 33. This is a class action for violations of the Fair Debt Practices and Collection Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA" or "Act"), and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 et seq.

I.  FACTS

The parties have entered into a Settlement Agreement that resolves this litigation. See Filing No. 27-1, Index of Evid., Ex. 1, Settlement Agreement.  Defendants agree to pay the class a total of $30,000 to settle the FDCPA and NCPA claims.  That sum will be divided among all class members.  If approved by the Court, each class member will be sent a payment calculated as set forth in the Settlement Agreement.  In the agreement, the defendants agree not to oppose a grant of statutory damages and incentive award to the plaintiff and agree to pay an award up to $4,000.00 if authorized by the Court.  *Id.* at 12-13.  Defendants also agree not to oppose plaintiff's costs, expenses, and attorneys' fees request in an amount not to exceed $28,500.00.  *Id.*

Notice of this agreement has been provided to the class. Filing No. 36, Affidavit of John C. Ochoa.

The plaintiff requests an award of fees in the amount of $28,500.00. This figure represents a discount of $5,249.37 from counsels' final total for work necessary to complete this case. Plaintiff has shown that the fees and costs to finish the case will amount to $33,749.37. Filing No. 33, Motion at 3. Counsels' itemizations of hours do not include time required to complete this case after July 23, 2018, but a conservative statement of work required to finish has been provided to the court. *Id.*

Defendants agree that the plaintiff class is the prevailing party in this litigation for purposes of the fee award. Filing No. 27-1, Ex. 1, Settlement Agreement at 13. Defendant will not oppose payment of $4,000.00, representing statutory damages of $1,000.00 pursuant to the FDCPA, $1,000.00 pursuant to the NCPA, and a class representative fee of $2,000.00, to Ms. Powers as statutory damages and services as class representative. *Id.* at 12.

Further, the defendants agree not to attempt to collect attorneys' fees pursuant to Neb. Rev. Stat. § 25-1801 on cases currently pending in Nebraska, including cases which are fully litigated but a balance due remains unpaid, for alleged unpaid medical or dental accounts belonging to any class members. Filing No. 27-1, Ex. 1, Settlement Agreement at 12. Defendants also agree to pay the costs of class administration and of class notice. *Id.* at 6, 13-14. The parties successfully negotiated the amount the plaintiff's attorneys' fees and costs in the amount of $28,500.00. *Id.* at 5, 12-13. This amount is separate from and in addition to the amounts paid to the plaintiff and the class. *Id.* The plaintiff has shown that counsel received and reviewed the defendants'

2

net worth documentation and the class settlement is the maximum recovery allowed under the FDCPA. *Id.* at 4-5. The Court will hold a fairness hearing on the parties' joint motion for final approval of class settlement on December 20, 2018. No objections to the settlement have been filed.

The court is familiar with the litigation. On July 19, 2018, the Court entered an Order Preliminarily Certifying Class and Granting Preliminary Approval of Settlement. Filing Nos. 30 & 31. The record shows that written discovery has taken place. The parties conducted extensive negotiations and exchanged relevant and necessary information for reaching a fair and reasonable settlement.

In support of its motion, plaintiff has shown that attorney O. Randolph Bragg expended 28.6 hours at the rate of $400.00 per hour through July 23, 2018, on behalf of the plaintiff ($11,440.00).[1] Mr. Bragg's lodestar includes no time for his work on fee application and supporting brief. *See* Filing Nos. 35-1 and 35-2, Exs. 1 & 1A. Attorney Pamela A. Car has shown she expended a total of expended a total of 9.15 hours on behalf of the plaintiff through July 23, 2018 (with her time reduced in the exercise of billing discretion to eliminate time for all duplicated tasks and meetings attended by co-counsel) at the rate of $275.00 per hour ($3,431.25). Filing Nos. 35-3 & 35-4, Exs. 2 & 2A. The plaintiff seeks fees for 31.25 hours of work at the rate of $350.00 per hour for work performed by attorney William L. Reinbrecht ($10,937.50) and $440.62 in reimbursable expenses. Filing Nos. 35-5 & 35-6, Exs. 3 & 3A.

---

[1] The hourly rate requested for the services provided by O. Randolph Bragg is significantly lower than his regular hourly rate of $600.00.

3

Attorneys Bragg, Car, and Reinbrecht have also shown they have extensive experience litigating consumer cases and have achieved similar awards in other cases. See *Erickson v. Credit Bureau Services, Inc.*, 2013 WL 672281 (D. Neb., Feb. 22, 2013); *Henggeler v. Brumbaugh & Quandahl, P.C., LLO*, 2014 WL 793544 (D. Neb., Feb. 26, 2014); *Mazur v. Nat'l Account Syst. of Omaha, LLC*, 8:14CV84, Filing No. 41, p.6 ¶8 (D. Neb. Dec. 14, 2014). Further, counsel have shown that they reduced the hours billed where appropriate. Also, counsel represent that the combined billable attorney time required for the present motion is five hours at the average rate of $375.00, which totals $1,875.00, and a conservative estimate of time necessary to conclude the matter is twenty hours, totaling $5,625 at the same average rate.

The plaintiff, Laura Powers, seeks approval of a payment of $4,000.00 for statutory damages and for her service as class representative. Filing No. 35-7, Ex. 4. She states that she has kept himself informed of the progress of the case, reviewed materials sent to her by counsel, discussed the case with counsel, taken time off work to confer with counsel and provide documents, and submitted declarations in the case. *Id.*

II. LAW

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorney's reasonable hourly rate of

compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Comerica Mortg.*, 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id.*

Defendants who violate the FDCPA are liable for the plaintiff's attorney's fees and costs. *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1176 (2013); 15 U.S.C. § 1692k(a)(3); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (per curiam) ("[T]he award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory."); *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001). The FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Id.* at 433-37; *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). "At that point, other factors 'may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* (quoting *Hensley*, 461 U.S. at 434). The district

5

court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] *See Marez*, 688 F.3d at 966 n.4. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9.

The market value in the relevant legal community of the legal services performed is used to determine a reasonable attorney fee. *Blum v. Stenson*, 465 U.S. 886, 895. Reimbursement for work performed by out-of-town lawyers charging out-of-town rates is generally permitted only when in-town counsel with expertise in a particular area cannot be located. *See, e.g., Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140-41 (8th Cir. 1982).

Under the FDCPA, the court is authorized to award up to $1,000.00 in statutory damages per plaintiff for any violation of the FDCPA. 15 U.S.C. § 1692k(a)(2)(A); *see Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("[a]ll that is required for an award of statutory damages is proof that the statute was violated . . . ."). The specific amount of statutory damages, not to exceed $1,000.00, falls within the court's discretion. *Id.* Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (1984) (stating "[i]n communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney.").

individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional.  See 15 U.S.C. § 1692k(b)(2).

Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit.  *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).  In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.  *Id.*  Likewise, under the NCPA, each class member is entitled to an amount of statutory damages up to $1,000.00, which does not consider a defendant's net worth.  Neb. Rev. Stat. § 59-1609.

III.   DISCUSSION

The Court finds that the plaintiff, as the prevailing party, is entitled to attorney fees.  The Court has considered the *Johnson* factors and finds that an award of $28,500.00, as agreed by the parties, is fair and reasonable.  The plaintiff has achieved a significant degree of success in that she, on behalf of the class, has recovered the maximum amount of statutory damages under the FDCPA and NCPA.  Significantly, on behalf of the class, the plaintiff has also achieved prospective relief in that the defendants have agreed to change collection practices.  Also, the amount of plaintiff's attorney fees and costs is separate from, and in addition to, the class recovery.  The plaintiff has demonstrated that counsels' services have benefitted the class.

The Court has reviewed the declarations of counsel and time records submitted in connection with the motion.  The plaintiff has shown that the negotiated amount

represents a substantial reduction in the time actually spent on the case by plaintiff's counsel. The Court finds counsel expended a modest amount of time on the litigation, presumably due to counsels' combined experience in consumer protection litigation. The plaintiff seeks fees in an amount that is below the lodestar, which would be $33,749.37. The Court finds the time and labor expended by plaintiff's counsel in this case is reasonable and necessary to prosecute a case of this nature.

The Court is familiar with hourly rates in this community and with the skill and abilities of the attorneys involved in this litigation. Based on its familiarity with fees in this community, the Court that the hourly rates charged by plaintiff's counsel are appropriate in view of the attorneys' extensive experience in consumer litigation and in consideration of the complexity of class-action consumer litigation. Mr. Bragg has discounted his customary rate to reflect fees in this community. These hourly rates and the fee award are in line with fee awards in other cases. The request for fees was disclosed in the notice of the settlement and no class members have objected to the settlement or to the motion for fees. Accordingly, the Court finds the plaintiff is entitled to a fee award of $28,500.00.

The Court also finds that the representative plaintiff, Laura Powers should recover statutory damages in the amount of $2,000 under the FDCPA and NCPA, as well as an incentive award of $2000.00, as provided in the Settlement Agreement. The defendants do not object to the award. The factors to consider in connection with an incentive award are readily satisfied. The plaintiff brought a suit that resulted in reforms to the defendants' collections practices and in a reasonable monetary award. In light of

the benefit that Powers bestowed on the class and the time she spent pursuing the action, the court finds an incentive award of $2,000.00 is appropriate.

The plaintiff also seeks reimbursement of $440.62 in recoverable costs. The defendants have no objection to the award. The Court has reviewed the bill of costs and finds that the costs are fair and reasonable and were necessary to prosecute the claims on behalf of the class. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for attorney fees and approval of incentive award (Filing No. 33) is granted.

2. The plaintiff is awarded attorney fees in the amount of $28,500.00.

3. The plaintiff class may recover costs amount of $440.62.

4. Statutory damages in the amount of $2000.00 and an incentive award of $2000.00 to the plaintiff are approved.

Dated this 26th day of November 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge