IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THE COLLECTION ANALYST, INC., and JUDITH D. RETELSDORF,<br><br>Defendants. | 8:17CV229<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court after a hearing on the parties' joint motion for final approval of a proposed class action settlement, Filing No. 37, on December 20, 2018. This is a class action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Nebraska Consumer Practices Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq*.

I. FACTS

The case has been certified as a class action for purposes of the proposed settlement. Filing No. 31. This Court preliminarily approved the proposed partial Settlement Agreement and approved the notice of the settlement and fairness hearing thereon. *Id.* The Notice of the Proposed Partial Settlement of Class Action & Fairness Hearing was provided to members of the class by first class U.S. mail. Filing No. 39-1, Affidavit of Dorothy Sue Merryman ("Merryman Aff.").

A fairness hearing was held before the undersigned on December 20, 2018. Attorney Pamela Car appeared as lead counsel for the lead plaintiff. John C. Ochoa,

1

counsel for defendant The Collection Analyst, Inc., appeared by telephone. Defendant Judith D. Retelsdorf's counsel did not appear at the hearing but conveyed through plaintiff's counsel that he had no issues with the Settlement Agreement and had not received any objections to the Settlement Agreement. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object. The Court takes judicial notice of the Settlement Agreement (Filing No. 27-1).

The Settlement Agreement will settle the representative plaintiff's and the classes' claims against defendants in this action. The agreement provides for payment totaling $30,000 to two settlement classes. *Id*. at 11-12. It also provides that the defendants will change the challenged business practices. *Id*. at 12. In consideration of those actions, the plaintiff class agrees to dismiss, with prejudice, the claims identified in this class action against defendants and have agreed to a release and covenant not to sue. *Id*. at 14-15. The Settlement Agreement also provides that any undistributed funds will be distributed as a *cy pres* distribution to Legal Aid of Nebraska for use in consumer representation and/or consumer education. *Id*. at 11-12. The Court finds the goals of that organization correspond to the interests of the class.

There are 406 members of the class. Filing No. 39-1, Merryman Aff. at 1. The defendants have shown that the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1715(d), has been sent by United States mail to the appropriate governmental entities. Filing No. 39-2, Affidavit of John C. Ochoa. The record shows notice has been provided to the class members. Filing No. 39-1 Merryman Aff. at 2-3.

The plaintiffs have shown that the proposed partial settlement is the product of

arm's-length negotiations. See Filing No. 26, Plaintiff's Brief at 24. Plaintiff's counsel has investigated the defendants' financial condition to ensure that the proposed settlement maximizes recovery. Id. at 22-23; Filing No. 27-1, Settlement Agreement at 4. The representative plaintiff has shown that, because of the defendants' financial condition and the FDCPA limitation on the putative class members' recovery to the lesser of 1% of the net worth of the debt collector or $500,000.00, see 15 U.S.C. § 1692k(a)(2)(B)(ii), the proposed settlement is in the best interests of the plaintiff class. Filing No. 26, plaintiff's Brief at 3.

## II. LAW

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)).

A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length

3

negotiations, and whether a skilled mediator was involved. See *DeBoer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to district court. *Id.* at 1176.

III. ANALYSIS

The Court finds that the requirements of due process have been met as to the method and content of the notice to the class members. The Court has reviewed the notices and affidavits and finds them satisfactory. The Court further finds that the Settlement Agreement with the defendants is fair and reasonable. Based on the Court's familiarity with the case throughout the course of this litigation, the Court concludes that the proposed partial settlement is within the range of potential outcomes in this case. The strength of plaintiffs' case is tempered by the prospect that if the litigation were to continue, there is a risk the class members could recover nothing. In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of defendants changing their business practices. Further, there are no objections to the settlement. Under the circumstances, the Court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Accordingly, the Court finds that the proposed settlement with the defendants should be approved.

IT IS ORDERED:

1. The parties joint motion for final approval of a proposed class action settlement (Filing No. 37) is granted.

2. The proposed Settlement Agreement (Filing No. 27-1) is approved

and incorporated herein by reference.

ORDERED this 20th day of December 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge